# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**HARVEY PATRICK SHORT,**

      **Plaintiff,**

**v.**                                               **Civil Action No. 2:10cv28**
                                                                     **(Judge Maxwell)**

**JOE MANCHIN, Governor, et al.,**

      **Defendants.**

## REPORT AND RECOMMENDATION

The *pro se* plaintiff initiated this civil action on March 3, 2010, by filing a complaint pursuant to 42 U.S.C. § 1983 and a motion for leave to proceed as a pauper. In the complaint, the plaintiff sets forth numerous allegations regarding his confinement at the St. Marys Correctional Center ("SMCC"). Some of his allegations concern his assertion that he is "in fear of bodily injury and that his safety as an Afro-American is in imminent danger every day that he is confined at SMCC due to the practice of corporeal punishment or excessive use of force by corrections officers." (Doc. 1, p.6). In addition, the plaintiff alleges impropriety in a classification hearing on January 25, 2010. Specifically, the plaintiff alleges that his case manager used a 1986 escape charge for which he was never convicted, in refusing the reduce his custody level and transfer him to Pruntytown. The plaintiff also alleges that his case manager retaliated against him for refusing RSAT based on his religious beliefs.

After the enactment of the Prison Litigation and Reform Act (PLRA) of 1996, the following subsection was added to 28 U.S.C. § 1915:

> (g) In no event shall a prisoner bring a civil rights action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

While incarcerated, the plaintiff has had at least three prior civil actions dismissed as frivolous, malicious, or failing to state a claim upon which relief may be granted. See e.g., Short v. Carper, Civil Action No. 07-0139 (S.D. W.Va); Short v. Bailey-Walker, Civil Action No. 07-0277 (S.D. W.Va.); Short v. U.S.A., Civil Action No. 01-0408 (W.D.N.C.).Sept. 13, 1999.[1] Therefore, based on the strikes plaintiff has accumulated, he may not file another complaint without prepayment of fees unless he is in "imminent danger of serious physical injury."

Clearly, the plaintiff's allegations regarding his classifications status and refusal to participate in RSAT pose no imminent danger of serious physical harm. While the undersigned recognizes that the plaintiff claims that "his safety as an Afro-American is in imminent danger everyday that he is confined at SMCC", his allegations in this regard are irrational and wholly incredible.[2]

---

[1]The undersigned became aware of these strikes, when the various defendants responded to the complaint. It bears noting that in completing his complaint, the plaintiff indicated that he had not begun any other lawsuits in state or federal court dealing with these same facts or **otherwise related to his imprisonment**. Had the plaintiff answered this question truthfully, the undersigned would have made a search on PACER, discovered the three strikes, and avoided the burden placed on the defendants of answering this complaint.

[2]Among other things, the plaintiff alleges that upon his arrival at SMCC, he was warned by an inmate not to talk back to officers who are employed at SMCC because they beat inmates. He further alleges that while he was in bed one night, a captain stood in the doorway to his room and said that he wanted to kick some a**. The next day, according to the plaintiff, an officer

For the foregoing reasons, the plaintiff's Motion for Leave to Proceed In Forma Pauperis (dckt. 2) should be **DENIED** and this case **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(g). See Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) ("The proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915. The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he initiates the suit."). Additionally, any pending motions should be terminated as **MOOT** and this case **STRICKEN** from the active docket of this Court.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

IT IS SO ORDERED.

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se*

---

told another inmate that his boots have stomped and kicked a lot of inmates. The plaintiff also claims to have witnessed 5 to 6 officers using force on an inmate. The plaintiff also alleges that an inmate, named Big Hungry, was beaten so severely by correctional officers that he died of cardiac arrest. Finally, the plaintiff alleges that Afro-American inmates are the persons usually subjected to corporal punishment or excessive use of force because prison officials at SMCC treat white inmates more favorably than black inmates. (Doc. 1, pp. 4-5).

petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to the counsel of record via electronic means.

DATED: October 29, 2010.

    /s/ James E. Seibert  
JAMES E. SEIBERT  
UNITED STATES MAGISTRATE JUDGE